UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2009 JUN 11  P 4: 27

~~RA P. HACKETT, CLK
~~DISTRICT COURT
~~E DISTRICT ALA

Melissa Brown,                                    )
                                                  )
        *Plaintiff,*                              )
                                                  )
v.                                                )        Civil Action No.: 2:09-CV-553-WKW-TFM
                                                  )        **Plaintiff Demands Jury Trial**
                                                  )
**FRIEDMAN'S, INC.,** a foreign corporation,       )
**BRIGHT HOUSE NETWORKS SERVICES**                )
**(ALABAMA), LLC,** a foreign limited liability    )
company, **COVINGTON CREDIT OF**                   )
**GEORGIA,** a foreign corporation, **GREEN**      )
**FINANCE & LEASING, INC.,**                       )
a foreign corporation, and **EQUIFAX**             )
**INFORMATION SERVICES, LLC,** a foreign           )
limited liability,                                )
                                                  )
        *Defendants.*                             )

## COMPLAINT

**COMES NOW** Plaintiff, by and through the undersigned counsel, and would show unto

this Honorable Court as follows:

### PRELIMINARY STATEMENT

1.      This Complaint seeks actual, compensatory, statutory and / or punitive damages,

        including injunctive and declaratory relief, brought by an individual consumer

        (hereinafter referred to as "Plaintiff") against Defendants, jointly and severally, for

        violations of the the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter

        referred to as "the FCRA"), the Alabama Deceptive Trade Practices Act, Ala. Code 1975,

        § 8-19-1, *et seq.* (hereinafter referred to as "the ADTPA"), and state common law causes

of action.

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court arises under the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331,

and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Declaratory

relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.  Defendants' violations of

Plaintiff's rights, as alleged herein, occurred in Conecuh County, Alabama, and were

committed within the Northern Division of the Middle District of Alabama.

**PARTIES**

3.      Plaintiff Melissa Brown (hereinafter referred to as "Plaintiff") is a natural person and a

resident and citizen of Barbour County, the State of Alabama, and of the United States.

Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code

1975, § 8-19-3(2).

4.      Defendant Friedman's, Inc. (hereinafter referred to as "Friedman's" or "Defendant") is a

foreign corporation providing credit to consumers for the purchase of family, personal, or

household goods within the State of Alabama.

5.      Defendant Bright House Networks Services (Alabama), LLC (hereinafter referred to as

"Bright House" or "Defendant") is a foreign limited liability company providing credit to

consumers for the purchase of family, personal, or household goods within the State of

Alabama.

6.      Defendant Covington Credit of Georgia (hereinafter referred to as "Covington Credit" or

"Defendant") is a foreign corporation providing credit to consumers for the purchase of

family, personal, or household goods within the State of Alabama.

7.      Defendant Green Finance and Leasing, Inc. (hereinafter referred to as "Green Finance" or "Defendant") is a foreign corporation providing credit to consumers for the purchase of family, personal, or household goods within the State of Alabama.

8.      Defendant Equifax Information Services, LLC (hereinafter referred to as "Equifax" or "Defendant") is a foreign limited liability company licensed to do business within the state of Alabama.  Equifax is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

### Defendants Friedman's, Bright House, Covington Credit and Green Finance:

9.      Plaintiff incorporates by reference herein paragraphs one (1) through eight (8).

10.     Plaintiff filed for debt relief under Title 11 of the United States Bankruptcy Code on February, 23, 2006, and was discharged on November 5, 2008.[1]

11.     Notwithstanding the aforesaid, Defendants continue to report Plaintiff's accounts to one or more of the three national consumer reporting agencies (hereinafter referred to as "CRAs") as having current balances due and payable, rather than reflecting that such were discharged in bankruptcy.  For example:

a.      Friedman's reported, and continues to report, to Equifax that Plaintiff has an outstanding balance with, and remains personally liable to, it for the amount of $81.00, on

---

1 United States Bankruptcy Court for the Middle District of Alabama, Case No.: 06-10135.

a pre-petition debt.  More specifically, this Defendant has reported such inaccurate information within the "Collections" section of the aforesaid report.  Such account was identified within Schedule D of Plaintiff's bankruptcy petition.

    b.      Bright House reported, and continues to report, to Equifax that Plaintiff has an outstanding balance with, and remains personally liable to, it for the amount of $278.00, on a pre-petition debt.  More specifically, this Defendant has reported such inaccurate information within the "Collections" section of the aforesaid report.  Such account was identified within Schedule F of Plaintiff's bankruptcy petition.

    c.      Covington Credit reported, and continues to report, to Equifax that Plaintiff has outstanding balances with, and remains personally liable to, it for the amounts of $860.00 and $665.00, on pre-petition debts.  More specifically, this Defendant has either verified these balances, or failed to correct the same, subsequent to Plaintiff's discharge.  Such accounts were identified within Schedule F of Plaintiff's bankruptcy petition.

    d.      Green Finance reported, and continues to report, to Equifax that Plaintiff has an outstanding balance with, and remains personally liable to, it for the amount of $246.00, on a pre-petition debt.  Such account was identified within Schedule F of Plaintiff's bankruptcy petition.

12.    Defendants have intentionally, willfully and maliciously failed to implement reasonable procedures to insure that Plaintiff's accounts are reported as having "0" balances as contemplated by the Fair Credit Reporting Act. The FTC's Official Staff Commentary § 607 item 6 states that "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to

reflect the fact that the consumer is no longer liable for the discharged debt."
Notwithstanding that the Federal Trade Commission's Staff Commentary lacks
substantive precedential esteem it is persuasive in that it provides an explanation of the
phrase "reasonable procedures."

13.     Notwithstanding that Defendants properly update numerous accounts each month they
have intentionally, maliciously and willfully refused to do so with Plaintiff, and other
similarly situated consumers.  More specifically, Defendants have a policy to refuse to
properly update credit files of consumers who have obtained debt relief through the U.S.
Bankruptcy Code.

14.     As stated by the Honorable Judge William R. Sawyer of the United States Bankruptcy
Court for the Middle District of Alabama, "[t]he sheer number of ... cases [filed for a
creditor's failure and/or refusal to update a discharged debtor's credit reports] may
suggest that some creditors are systematically taking such action in an effort to diminish
the value of a discharge in bankruptcy."[2]

15.     Defendants have promised, through their subscriber agreements or contracts with the
CRAs to update accounts that have been discharged in bankruptcy but have willfully,

---

2 In re Norman, 2006 WL 2818814 (Bankr.M.D.Ala. September 29, 2006) (*citing Irby v. Fashion Bug (In re Irby),*
337 B.R. 293 (Bankr.N.D.Ohio 2005) (reporting discharged debts as past due on credit report); *Helmes v. Wachovia*
*Bank, N.A. (In re Helmes),* 336 B.R. 105 (Bankr.E.D.Va.2005) (reporting the discharged debt as "over 120 days past
due" on credit report); *Smith v. Am. Gen. Fin. Inc. (In re Smith),* 2005 WL 3447645 (Bankr.N.D.Iowa Dec. 12,
2005) (reporting discharged debts as "account charged off/past due 180 days," "charged off as bad debt," and
"charged-off" on credit report); *In re Miller,* 2003 WL 25273851 (Bankr.D.Idaho Aug. 15, 2003) (listing discharged
debts as still due on the consumer's credit report); *Vogt v. Dynamic Recovery Servs. (In re Vogt),* 257 B.R. 65
(Bankr.D.Colo.2000) (reporting discharged credit card debts as still owed on credit report); *Carriere v. Proponent*
*Fed. Credit Union,* 2004 WL 1638250 (W.D.La. July 12, 2004) (reporting discharged debts as "charged off" and
"past due 180 days" on credit report)).

maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, ADTPA, federal law and state law which has resulted in this information remaining on Plaintiff's credit reports.

16.   Defendants have a policy to "park" their accounts on at least one of Plaintiff's credit reports. This industry-specific term refers to keeping a false balance on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendant's intentional and malicious conduct.

17.   Defendants have agreed to and understand they must follow the requirements of the FCRA including, but not limited to, the following:

    a)   15 U.S.C. § 1681(a)(1)(A) which states, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."[3]

    b)   15 U.S.C. § 1681(a)(1)(B) which states, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -

        (i)   the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

        (ii)   the information is, in fact, inaccurate."

    c)   15 U.S.C. § 1681(a)(2) which states, "[a] person who -

        (A)   regularly and in the ordinary course of business furnishes information to

---

3 As indicated herein, Defendants have either affirmed the validity of, or attempted to collect upon, these debts by reporting the same to the CRAs subsequent to Plaintiff's discharge.

one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

    (B)    has furnished to a consumer reporting agency information that the person <u>determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate</u>, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate." (emphasis supplied).

18.    Defendants know that "parking" balances, to intentionally and maliciously coerce consumers into paying discharged debts, will lead to the publication of false and defamatory information every time Plaintiff's credit reports are accessed. Because Plaintiff's credit reports have been accessed since the discharge, such false information has been published to third parties.

19.    All actions taken by employees, agents, servants, or representatives of any type for Defendants were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

20.    Defendants' actions were malicious, wanton, reckless, intentional or willful, and performed with the desire to harm Plaintiff, with the knowledge that their actions would very likely harm Plaintiff, and that their actions were taken in violation of the law.

21.    The actions, omissions, misrepresentations, and violations of the FCRA, ADTPA, federal

law, and state law of Defendants, regarding Plaintiff's discharged debts, as described

herein, constitute harassment which has resulted in the negligent and intentional infliction

of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer

severe mental distress, mental and physical pain, embarrassment, and humiliation of

which Plaintiff will in the future continue to suffer.

**Defendant Equifax:**

22.     Defendant has failed to implement and/or follow "reasonable procedures to assure

        maximum possible accuracy" of the information it has published, and continues to

        publish, in consumer credit reports in violation of 15 U.S.C. § 1681(e)(b).

23.     Indisputably, based upon the sheer volume of factually identical actions, Defendant

        should reasonably be aware of the inadequacy of its procedures and implement policies to

        improve the accuracy of the information it publishes.  The FTC's Official Staff

        Commentary § 603 item B states that "[a] consumer reporting agency must also adopt

        reasonable procedures to eliminate systematic errors that it knows about, or should

        reasonably be aware of, resulting from procedures followed by its sources of

        information."

24.     Defendant's intentional, reckless, and willful violations of the FCRA, federal law and

        state law has resulted in the negligent and intentional infliction of mental and emotional

        distress upon Plaintiff proximately causing Plaintiff to suffer severe mental distress,

        mental and physical pain, embarrassment, and humiliation which Plaintiff will in the

        future continue to suffer.

## COUNT ONE
## ALL DEFENDANTS
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT - 15 U.S.C. § 1681, *et seq.*

25.     Plaintiff incorporates by reference herein paragraphs one (1) through twenty-four (24).

26.     In the entire course of their actions, Defendants willfully and/or negligently violated

multiple provisions of the FCRA in one or more of the following respects:

   a)      By willfully and/or negligently failing, in the preparation of the consumer

   reports concerning Plaintiff, to follow reasonable procedures to assure maximum

   possible accuracy of the information in the reports as required by 15 U.S.C. §

   1681(e)(b);

   b)      By willfully and/or negligently failing to comport with reinvestigation

   procedures listed within 15 U.S.C. § 1681i;

   c)      By willfully and/or negligently failing to fulfill their duties as listed within

   section 15 U.S.C. § 1681s-2, *i.e.*, reporting information with actual knowledge of

   errors, reporting information after notice and confirmation of errors, failing to

   update and/or correct previously reported information determined to be inaccurate

   or incomplete, failing to provide notice of dispute, and failing to provide notice of

   closed account;

   c)      Defaming Plaintiff by publishing to third parties false information

   regarding Plaintiff's creditworthiness;

   d)      Invading the privacy of Plaintiff; and

   e)      Failing in their duty to prevent foreseeable injury to Plaintiff.

27.    The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting and/or credit furnishing business, and in gross reckless disregard of the rights of Plaintiff.

28.    As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for a declaratory judgment that Defendants' conduct violated the FCRA, and Plaintiff's actual, compensatory, and statutory damages, if applicable punitive damages, and costs and attorney's fees under the FCRA.

**COUNT TWO**
**ALL DEFENDANTS**
**VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT**
**ALA. CODE 1975 § 8-19-3, *et seq.***

29.    Plaintiff incorporates herein by reference paragraphs one (1) through twenty-eight (28).

30.    The conduct described herein has caused actual confusion or misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

31.    Such conduct is generally and specifically within the meaning of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3, *et seq.*, and in the course of business that is prohibited, unfair, and deceptive.

32.    The foregoing acts and omissions of Defendants were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collection business, and Plaintiff relied upon such representations as being lawful, yet such conduct is prohibited.

33.    The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair

and deceptive acts and practices.

34.     Defendants' unfair and deceptive acts have proximately caused emotional and actual

        damages, and Defendants are liable to Plaintiff for such injury.

## COUNT THREE
## DEFENDANTS FRIEDMAN'S, BRIGHT HOUSE, COVINGTON AND GREEN FINANCE
## NEGLIGENT, RECKLESS AND WANTON CONDUCT

35.     Plaintiff incorporates herein by reference paragraphs one (1) through thirty-four (34).

36.     Defendants' acts, as described herein, were done so negligently and without care or

        concern for the well-being of Plaintiff.

37.     As a proximate consequence of Defendants' negligence, Plaintiff has been caused to

        suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for

        actual, compensatory, and punitive damages, costs and attorney's fees, and any other and

        further relief deemed appropriate by this Court.

## COUNT FOUR
## ALL DEFEFNDANTS
## INVASION OF PRIVACY

38.     Plaintiff incorporates by reference herein paragraphs one (1) through thirty-seven (37).

39.     Defendants' conduct, as described herein, constitutes an invasion of Plaintiff's privacy in

        that it intrudes into Plaintiff's private life, publishes private facts regarding Plaintiff, and

        places Plaintiff in a false light in the eyes of those to whom the publications are made.

40.     Defendants' actions were done so maliciously, without privilege, and with a willful intent

        to injury Plaintiff.

41.     As a proximate consequence of Defendants' invasion of Plaintiff's privacy, Plaintiff has

been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT FIVE
## ALL DEFENDANTS
## DEFAMATION

42.     Plaintiff incorporates by reference herein paragraphs one (1) through forty-one (41).

43.     Defendants published false information about Plaintiff by reporting to one or more of the CRAs, or other third parties, either a false account or balance.

44.     Likewise, Defendants published false information about Plaintiff each time Plaintiff's credit reports were accessed – which was the result intended by Defendants.

45.     The publications and defamations were done so maliciously, without privilege, and with a willful intent to injure Plaintiff.

46.     As a proximate consequence of Defendants' false reporting or publishing, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

## COUNT SIX
## DEFENDANTS FRIEDMAN'S, BRIGHT HOUSE, COVINGTON AND GREEN FINANCE
## MISREPRESENTATION

47.     Plaintiff incorporates by reference herein paragraphs one (1) through forty-six (46).

48.     Defendants intentionally, maliciously, recklessly and/or negligently misrepresented material facts in that they falsely represented to others that Plaintiff owes money to that

Defendant.

49.  Defendants intend that those who review the credit reports of Plaintiff will rely upon the misrepresentations and suppressions of material fact related to the balance owed and the lack of indication that the account was discharged in bankruptcy.

50.  Defendant intended that the justifiable and reasonable reliance by others would adversely affect Plaintiff.

51.  As a proximate consequence of Defendants' intentional misrepresentation, Plaintiff has been caused to suffer severe emotional and mental distress, and Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, costs and attorney's fees, and any other and further relief deemed appropriate by this Court.

**COUNT SEVEN**
**ALL DEFENDANTS**
**DECLARATORY AND INJUNCTIVE RELIEF**

52.  Plaintiff incorporates herein by reference paragraphs one (1) through fifty-one (51).

53.  A dispute exists as to whether Defendants have violated the FCRA, ADTPA, federal law or state law.

54.  Plaintiff is entitled to injunctive relief, a declaratory judgment, and a determination that Defendants violated the FCRA, ADTPA, federal law, and state law, and Plaintiff is similarly entitled to an order enjoining said acts.

55.  As a result of Defendants' actions, omissions and violations, Plaintiff is entitled to actual, compensatory, statutory and/or punitive damages, reasonable attorney's fees, and all costs for time lost at work and litigating this matter.

56.  Defendants' actions, omissions, and violations, as alleged herein, constitute the negligent

and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer great mental distress, mental and physical pain, embarrassment, humiliation, and will in the future to continue to suffer the same.

### PRAYER FOR RELIEF

**WHEREFORE, THE ABOVE PREMISES CONSIDERED**, Plaintiff respectfully prays that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

a) Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

b) Award Plaintiff actual damages;

c) Award Plaintiff punitive damages;

d) Award Plaintiff statutory damages where applicable;

e) Award Plaintiff compensatory damages for mental and emotional distress, humiliation and embarrassment;

f) Award Plaintiff reasonable attorney's fees and costs of this litigation; and

g) Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED,** this the 11th day of June, 2009.

/s/

Anthony B. Bush (BUS028)
*Attorney for Plaintiff*
The Law Office of Jay Lewis, LLC
847 South McDonough Street, Suite 100

Montgomery, Alabama 36104
Phone:        (334) 263-7733
Facsimile:    (334) 832-4390
Bar Id. #:  ASB-7306-A54B
anthonybbush@yahoo.com

**THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

FRIEDMAN'S, INC.
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

BRIGHT HOUSE NETWORKS INFORMATION SERVICES (ALABAMA), LLC
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109

COVINGTON CREDIT OF GEORGIA, INC.
c/o CT Corporation
1201 Ptree Street, NE
Atlanta, GA 30361

GREEN FINANCE & LEASING, INC.
c/o Dyer & Rusbridge, P.C.
291 East Main Street
Canton, GA 30114

EQUIFAX INFORMATION SERVICES, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, AL 36104